Filed 6/29/26  P. v. Calles CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO A. CALLES JR.,<br><br>    Defendant and Appellant. | E086582<br><br>(Super.Ct.No. RIF72412)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Dismissed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Christopher P. Beesley and Cobi S. Furdek, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Antonio A. Calles Jr. appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code[1] section 1172.1.  For the reasons discussed below, we find the trial court's order was nonappealable and dismiss the appeal.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

When defendant was 14 years old, he shot and killed a friend who was at his house.  In 1996, a jury found defendant guilty of first degree murder (§ 187) with the personal use of a firearm (former § 12022.5, subd. (a)(1)), minor in possession of a firearm (former § 12101, subd. (a)), and burglary (§ 459).  Defendant was sentenced to 25 years to life for the murder, and 16 years for the other offenses for a total of 41 years to life.  Defendant was paroled in 2023 after having served 28 years of his sentence before being paroled at the age of 42.

While on parole, defendant filed a request for resentencing and relief under section 1170, subdivision (d)(1), and *People v. Heard* (2022) 83 Cal.App.5th 608, as well as an invitation for the trial court to consider resentencing under section 1172.1.  In support, defendant included a number of exhibits showing his participation in programs and rehabilitation.  The People filed an opposition to defendant's request and

---

[1]  All future statutory references are to the Penal Code.

resentencing pursuant to section 1170, subdivision (d)(1). The People did not reference section 1172.1, or otherwise respond to defendant's invitation for the court to consider resentencing under section 1172.1

A hearing on defendant's petition and request inviting the court to entertain a section 1172.1 motion was held on July 23, 2025. In regards to the section 1172.1 request, defense counsel noted that even though the initial request was not made by the California Department of Corrections and Rehabilitation (CDCR) or the District Attorney, the court had the authority to recall the sentence on its own, and the defense was inviting the court to do so. The parties thereafter focused on the section 1170, subdivision (d)(1), petition. Following argument and hearing victim impact statements and a statement from defendant, the trial court denied the section 1170, subdivision (d)(1), petition. The court found defendant's 41 years-to-life sentence was not the functional equivalent of a life without the possibility of parole sentence. The court also denied the section 1172.1 request for resentencing without any statement of reasons. Defendant timely appealed.

III.

DISCUSSION

Defendant argues that the trial court's decision declining his invitation to recall and resentence on its own motion under section 1172.1 affected his substantial rights and that he is entitled to appeal that decision under section 1237, subdivision (b). He urges that the court ultimately denied resentencing him on the merits, and that when it failed to

3

explain its reasons for the denial, it violated section 1172.1. He thus insists this court should reverse the trial court's judgment and remand for a new section 1172.1 hearing.

The People respond the trial court did not state any reasons for denying defendant's section 1172.1 request because it explicitly declined to take the issue up on its own motion and did not make a substantive decision under section 1172.1. Hence, the People maintain the court's decision is unappealable and this court should dismiss the appeal.

Under section 1172.1, a trial court may recall a sentence and resentence a defendant "at any time" upon the recommendation of various designated correctional or law enforcement authorities, including the Secretary or the Board of Parole Hearings, the county correctional administrator, the district attorney of the county in which the defendant was sentenced, or the Attorney General. (§ 1172.1, subd. (a)(1).) The trial court may also recall and resentence a defendant "on its own motion" within 120 days of the date of commitment. (§ 1172.1, subd. (a)(1).) In addition, pursuant to an amendment effective January 1, 2024, a trial court now also has jurisdiction to recall a sentence and resentence a defendant on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1); Assem. Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600).)

However, "[a] defendant is not entitled to file a petition seeking relief from the court under [section 1172.1]. If a defendant requests consideration for relief under this

section, the court is not required to respond." (§ 1172.1, subd. (c).) Although section 1172.1 does not entitle defendants "to petition the court for relief, a defendant is not forbidden altogether from raising the issue with a court." (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, fn. omitted (*Roy*).) A defendant-initiated petition "is best viewed as merely inviting the court to consider whether it wishes to exercise its discretion under section 1172.1." (*Id*. at p. 999.)

Several recent cases have addressed the appealability of a trial court's denial to recall and resentence a defendant's self-initiated petition under section 1172.1. In *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*), the defendant filed a document entitled " 'request for recall of sentence and resentencing pursuant to Assembly Bill 600 and Penal Code section 1172.1.' " (*Hodge*, at p. 991.) Without holding a hearing, the trial court issued an order indicating that it was declining to exercise its discretion to recall the defendant's sentence. (*Ibid*.) The Second District Court of Appeal found that this order was nonappealable and concluded that because a trial court was under no obligation to respond to a defendant's unauthorized request for resentencing under section 1172.1, the defendant did not have a right to a ruling, and therefore no liberty interests were at stake. (*Hodge*, at p. 996.) Further, the *Hodge* court noted that it would be "irrational and arbitrary" for a defendant whose unauthorized request was formally denied by the court to have the right to appeal, when a defendant, whose similar request was not responded to or acted on, would not have the same right. (*Ibid*.) The *Hodge* court also noted that while section 1172.1 provided certain criteria for a court to consider during resentencing

5

proceedings, such criteria only applied to authorized motions for resentencing by designated authorities or the court itself, not unauthorized motions initiated by defendants. (*Hodge*, at p. 998.) Finally, the *Hodge* court indicated that under section 1172.1, subdivision (d), a trial court was only required to advise a defendant of his or her right to appeal after an authorized referral. (*Hodge*, at p. 999.) Accordingly, "[t]he absence of any obligation by the trial court to advise the defendant of a right to appeal the denial of the defendant's unauthorized request for resentencing strongly suggests that the Legislature did not intend to create such a right." (*Ibid*., footnote omitted.)

In *People v. Faustinos* (2025) 109 Cal.App.5th 687 (*Faustinos*), this court reached a similar conclusion to the court in *Hodge*. In *Faustinos*, the trial court took no action on the defendant's self-initiated petition for resentencing pursuant to numerous changes in sentencing law, including section 1172.1, but simply issued an order indicating that it did not have jurisdiction to consider the defendant's motion. (*Faustinos*, at p. 693.) This court concluded that such an order was nonappealable because it did not affect the defendant's substantial rights. (*Id.* at pp. 695-697.) In agreeing with the *Hodge* decision, we noted that there were four possible approaches that a trial court could utilize in denying a defendant-initiated petition for resentencing under section 1172.1: (1) it could not respond at all, as authorized under the statute; (2) it could issue an order indicating that the defendant was not entitled to initiate a petition; (3) it could go beyond its obligation and indicate that it was not going to act on its own motion to resentence; or

6

(4) it could respond by noting, if appropriate, that it lacked jurisdiction to resentence if 120 days had already passed and no recent changes had been made to applicable sentencing laws. (*Faustinos*, at pp. 696-697.) We held that in any of these scenarios, the orders issued would not affect the defendant's substantial rights, thus rendering them nonappealable. (*Id.* at p. 697.) Accordingly, we concluded that "there is no appellate jurisdiction over an order declining to act on a defendant's unauthorized section 1172.1 petition, even though a court may initiate a resentencing on its own motion." (*Ibid*.) We noted "a defendant has a remedy if a trial court wrongly declares that it lacks jurisdiction to act on its own motion under section 1172.1. That remedy is to petition for a writ of habeas corpus in the trial court. [Citations.]" (*Id.* at pp. 698-699.)

In *Roy*, *supra*, 110 Cal.App.5th 991, the defendant also petitioned for resentencing under section 1172.1, and the trial court issued a written order dismissing the request, where it indicated that it was declining to make its own motion for recall and resentencing. (*Roy*, at p. 995.) The Third District Court of Appeal similarly applied the reasoning in *Hodge* in determining that the trial court's order dismissing the defendant's section 1172.1 petition was nonappealable. (*Roy*, at p. 998.) However, the *Roy* court was "not persuaded that [section 1172.1, subdivision (c)] alone renders an order denying a defendant-initiated section 1172.1 request nonappealable." (*Roy*, at p. 998.) Nevertheless, the *Roy* court concluded, where the trial court simply responds to a defendant's initiated petition with an order indicating it was declining the request for recall and resentencing, the defendant's substantial rights were not affected by the

7

challenged order because the trial court had no obligation to act on the defendant's resentencing request. (*Id.* at pp. 998, 1001; accord, *People v. Brinson* (2025) 112 Cal.App.5th 1040 (*Brinson*) [the First District agreed with the holdings in *Faustinos*, *Roy*, and *Hodge* that denial of a defendant-initiated petition under section 1172.1 is nonappealable].)

Hodge, *Roy*, and *Faustinos* relied on their interpretations of two California Supreme Court cases: *People v. Loper* (2015) 60 Cal.4th 1155 (*Loper*) and *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*) in reaching their decisions. In *Loper*, the California Supreme Court held that a trial court's order denying a request initiated by the CDCR for compassionate release pursuant to section 1170, subdivision (e), was an appealable order, even though the defendant had no independent right to initiate such a request. (*Loper*, at p. 1161, fn. 3.) In making this decision, *Loper* relied in part on a similar holding in *Carmony*, where the California Supreme Court held that even though a defendant could not initiate a motion to dismiss prior strike offenses under section 1385, he or she still had the right to invite a court to exercise its own powers to do so; therefore, the defendant was not precluded "from raising the erroneous failure to [exercise such discretion] on appeal." (*Carmony*, at p. 376.) In particular, the *Carmony* court noted that if the prosecution was entitled to appeal the court's decision to dismiss a strike prior offense—even if the prosecution did not originally move for the court to do so, a defendant should have "the concomitant power to appeal a court's decision not to dismiss

8

a prior under section 1385 even though he or she cannot make a motion to dismiss." (*Carmony*, at p. 376.)

The *Hodge* court distinguished *Loper* by noting that the request for compassionate release was specifically authorized by statute, as it was initiated by the CDCR, whereas a defendant's independent petition for resentencing under section 1172.1 is unauthorized and "create[s] no statutory obligation to act." (*Hodge*, *supra*, 107 Cal.App.5th at p. 997.) The *Hodge* court further indicated that while sections 1170, subdivision (e), and section 1385 provided specific criteria and limits on the trial court's discretion to deny requests brought under those statutes, section 1172.1 placed "no constraints" on a trial court's decision declining to reconsider a sentence on its own motion. (*Hodge*, at p. 997.) The *Hodge* court therefore concluded that the holdings in *Loper* and *Carmony* did not render the denial of the defendant's section 1172.1 petition appealable. This court in *Faustinos* and the *Roy* court reached similar conclusions, with both courts additionally noting that *Carmony* dealt with an appeal from a direct judgment, where jurisdiction was automatic, as opposed to a postjudgment appeal, where there is no preexisting jurisdiction. (*Faustinos*, *supra*, 109 Cal.App.5th at p. 699; *Roy*, *supra*, 110 Cal.App.5th at p. 1000.)

Here, the appeal must be dismissed. Because the trial court was not required to respond to defendant's invitation or request, the order denying it does not affect defendant's substantial rights and is, therefore, not appealable. (*Roy*, *supra*, 110 Cal.App.5th at p. 998; accord, *Hodge*, *supra*, 107 Cal.App.5th at p. 996; *Faustinos*,

9

*supra*, 109 Cal.App.5th at p. 697.) The court never expressly stated that it lacked discretion to consider resentencing on its own motion; rather, it simply said "[y]our motion . . . inviting the court to entertain 1172.1 is also denied." (*Faustinos*, at p. 698 ["The trial court's statement need not be read as suggesting that it believed it lacked jurisdiction to act on its own motion."].) The court's statement was an explicit denial of defendant's invitation to entertain an 1172.1 motion, not a denial of relief under 1172.1 on the merits. The trial court affirmatively stated that it was not going to act on its own motion when it declined defendant's invitation to consider section 1172.1—the third of *Faustinos*'s options for making a nonappealable decision. (*Faustinos*, at pp. 696-697.) Furthermore, both parties focused their arguments on section 1170 and *Heard* and after hearing arguments from both sides, the court began its discussion of its ruling by explicitly citing *Heard* and section 1170, not section 1172.1. The court focused and articulated the factors under *Heard* and section 1170, subdivision (d), in making its ruling and did not mention 1172.1 until the end and denied the invitation without stating any reasons. The court plainly denied defendant's invitation to the court to entertain the motion on the merits.

Defendant argues that the trial court made a decision based on section 1172.1 that affected his substantial rights because the court accurately identified that some relevant facts regarding section 1172.1 "spill over" into section 1170. Aside from this one instance where the court identified that the two statutes consider similar facts, defendant does not identify a single instance where the court made a substantive finding related

10

specifically to section 1172.1. In fact, the court's ruling and statements were focused on the *Heard* and section 1170, subdivision (d)(1) issue, not section 1172.1. Defendant is conflating the two statutes. In sum, the court expressly declined defendant's invitation to consider an 1172.1 motion on its own, as supported by the court's carefully selected language and how it limited and confined its discussion to a ruling under section 1170.

Defendant relies on *People v. Olea* (2025) 115 Cal.App.5th 889 to support his position, but that case is readily distinguishable. In *Olea*, in response to a section 1172.1 petition, the trial court appointed counsel to represent the defendant, scheduled a hearing on the petition, and heard argument on the defendant's prison rehabilitation and the impact of resentencing on the victim. (*Olea*, at pp. 895-896.) The trial court declined to exercise its discretion to recall the defendant's sentence, in part because "it found the original sentence to be just . . . given the 'extremely abhorrent and shocking actions' " committed against the victim. (*Id.* at p. 896.) The *Olea* court held that the order denying the section 1172.1 petition affected the defendant's substantial rights because "the trial court reached the merits of why it was . . . declining to grant the request under section 1172.1." (*Olea*, at p. 902.) Here, in contrast, the trial court never considered the merits of defendant's request under section 1172.1.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute. [Citations.]" (*Loper*, *supra*, 60 Cal.4th at p. 1159.) That provision states that an appeal may be taken "[f]rom any order made after judgment, affecting the substantial rights of

11

the party." "Our cases do not provide a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b) . . . ." (*Loper*, at p. 1161, fn. 3.) "However, a postjudgment order 'affecting the substantial rights of the party' [citation] does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto. [Citations.]" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 600, fn. omitted (*Teal*).)

As previously noted, the four published Court of Appeal decisions addressing the appealability of a trial court's decision to deny or not to respond to a defendant's section 1172.1 request hold that such a decision is generally not appealable because the statute demonstrates that a defendant has no right to a response to a self-initiated request for recall and resentencing. (*Brinson*, *supra*, 112 Cal.App.5th 1040; *Roy*, *supra*, 110 Cal.App.5th 991; *Faustinos*, *supra*, 109 Cal.App.5th 687; *Hodge*, *supra*, 107 Cal.App.5th 985.)

We conclude that the trial court's denial of defendant's request for recall and resentencing is not an appealable order. Section 1172.1 does not in itself provide defendant with any substantial rights, and he does not identify any other basis for a substantial right under section 1237, subdivision (b) based on the trial court's decision. As a result, we are without jurisdiction to consider his appeal, and we will dismiss it.

As previously noted, under section 1172.1, subdivision (c), the trial court was not required to respond to defendant's request for the court to exercise its own authority to recall his sentence and to resentence him. This "undermine[s] any claim that defendants

12

have a substantial right at stake when they file an unauthorized request for resentencing." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.)  "If the trial court is not required to act in response to a defendant's request, then defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence."  (*Roy*, *supra*, 110 Cal.App.5th at p. 998; see *Faustinos*, *supra*, 109 Cal.App.5th at pp. 698-699 ["a defendant has a remedy if a trial court wrongly declares that it lacks jurisdiction to act on its own motion under section 1172.1.  That remedy is to petition for a writ of habeas corpus in the trial court"].)

IV.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:


MILLER _____

Acting P. J.


FIELDS _____

J.